```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RAYMOND B. O'HARE, | CIVIL ACTION NO. 05-1754 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| MICHAEL MINERVINI, et al., |  |
| Defendants. |  |

**THIS MATTER ARISING** on the Court's order to show cause why the action should not be stayed and administratively terminated with leave to reopen, for good cause shown, pending disposition of the related state administrative proceedings through the administrative and state court levels (4-11-05 Ord. to Show Cause); and it appearing this is an action, inter alia, to recover damages for violations of 42 U.S.C. § 1983; and the plaintiff — the chief of police of the Borough of Keansburg — naming as defendants Michael Minervini, Michael Coppola, and Karen Goode (Am. Compl., at 1); and Minervini and Coppola removing the action under 28 U.S.C. §§ 1331 and 1343 (Remov. Not., at 2); and

**THE PLAINTIFF ALLEGING** the subject matter of this action is being addressed in "a pending disciplinary matter filed against [him], based in part on the false accusations of the Defendant[s], pending before the [New Jersey] Merit System Board" (Am. Compl., at 7); and it appearing a district court should abstain from

exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein, Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982), Younger v. Harris, 401 U.S. 37, 43-54 (1971); and it also appearing a district court should stay a federal action with leave to reopen it — rather than dismiss the complaint — if the state proceedings are administrative in nature, in order to assure the federal claims are actually resolved, Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating district court without discretion to dismiss rather than stay monetary-relief claim that may not be redressed in state proceeding), Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994) (table decision); and

**THE COURT HAVING BEEN INCLINED** to stay this action with leave to reopen because the administrative proceedings: (1) are related and pending, see Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating state administrative proceeding is a "proceeding" under Younger), N.J.Ct.R. 2:2-3 (setting forth procedure for further state-court review), (2) involve police-officer discipline, and thus implicate important state interests,

see Fontaine v. City of Chester, No. 85-2453, 1986 WL 9486, at *3 (E.D. Pa. Aug. 28, 1986), Rosko v. Pagano, 466 F.Supp. 1364, 1371 (D.N.J. 1979), and, (3) appear to afford an adequate opportunity to raise federal claims therein, see O'Neill v. City of Phila., 32 F.3d 785, 792 (3d Cir. 1994), Rosko, 466 F.Supp. at 1372; and

**THE COURT HAVING ADVISED** the parties that the Court is aware of O'Hare v. Borough of Keansburg, Civil Action No. 04-1128 (GEB), an action brought by the plaintiff against, among others, the defendants named here; and the parties having been advised further that the Court is aware of the July 7, 2004 order therein granting (1) a motion to stay under the Younger abstention doctrine, and (2) leave to reopen upon a showing that claims remain to be adjudicated (7-7-04 Ord.); and assuming this action is to be stayed, the parties having been advised that — if appropriate — the two federal actions will be consolidated after the state proceedings are completed and the federal actions are reopened; and

**THE PLAINTIFF FAILING** to respond to the Court's inquiry; and Minervini and Coppola apparently having responded to the inquiry (see 4-28-05 Papay Letter, filed under Civil Action No. 04-1128 (GEB), dkt. entry no. 18); and Minervini and Coppola stating they "do not oppose the relief sought" (id. at 1); and

**THE COURT CONCLUDING** the action should be terminated with leave to reopen under the Younger abstention doctrine; and the

3

plaintiff thus bearing the burden of moving to reopen at the appropriate time; and good cause appearing, the Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge